RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 7-23-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR N. | CIVIL ACTION NO. |
| By and through his mother and next friend, | |
| Mrs. N. | 04-11644 RCL |
| Plaintiffs | COMPLAINT |
| vs. | MAGISTRATE JUDGE Bowler |
| BROCKTON PUBLIC SCHOOLS | |
| and | |
| MASSACHUSETTS DEPARTMENT OF EDUCATION, | |
| and | |
| DAVID P. DRISCOLL, in his official capacity as Commissioner of the Massachusetts Department of Education | |
| Defendants. | |

I.   PRELIMINARY STATEMENT

1. This is an action arising under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794. It is also an appeal from final administrative decision of a Hearing Officer, Catherine M. Putney-Yaceshyn, Esq., under the IDEA, 20 U.S.C. §1415(i)(2) and 34 C.F.R. §§300.512.

2. This action is brought by Arthur N. and his mother, Mrs. N., who assert that they are aggreived by the decision of the Massachusetts Department of Education's

Hearing Officer and that her decision was contrary to law, was not supported by substantial evidence and was beyond her statutory authority, as well as the department's. G.L. c. 30A, § 14. The Hearing Officer incorrectly ruled the IEP proposed by the Brockton Public Schools was reasonably calculated to provide Arthur with a free and appropriate public education in the least restrictive environment as required under the IDEA, 20 U.S.C. § 1401(8).

The plaintiffs also assert their rights under Section 504 of the Rehabilitation Act of 1973, which prohibits disability-based discrimination in educational programs or activities receiving federal financial assistance. 29 U.S.C. § 794(a).

## II.     JURISDICTION

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1331, and 20 U.S.C. §1415 (i).

## III.     PARTIES

3. Plaintiff Arthur W. is an eight year-old student living in Brockton, Massachusetts with his parents, two younger siblings, grandmother, and three cousins. Arthur and his mother bring this action without disclosing publicly their actual names in order to protect the minor plaintiff from embarrassment and invasion of privacy. All parties to this action are aware of the identity of Arthur N. and Mrs. N  The pseudonym "Arthur" was selected by the Department of Education's Hearing Officer.

4. Defendant Brockton Public Schools is established under laws of the Commonwealth of Massachusetts and is a public corporation with the capacity to

be sued. It receives federal funds from the United States Department of Education pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1401, et seq. Because Brockton Public Schools receives federal funds, it is also subject to the requirements of §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

5. Defendant Brockton Public Schools is the Local Education Agency (LEA) within the meaning of 20 U.S.C. 1401(15) and as such is required to provide appropriate special education services to all special education students within the school district, and to comply with the procedural requirements of the IDEA, 20 USC 1415.

6. Defendant Massachusetts Department of Education (DOE) is a public agency of the Commonwealth of Massachusetts, which receives federal funds for special education from the federal Department of Education pursuant to the IDEA. Under the IDEA at 20 U.S.C. 1412 the DOE is responsible for ensuring that the requirements of the IDEA are met within the Commonwealth. Pursuant to state law, G.L. c. 15, sec. 1M, et seq., the DOE is responsible for general supervision and oversight over all public education within the Commonwealth, including special education, and is responsible for ensuring that local educational agencies abide by federal and state special education laws. The defendant DOE's Bureau of Special Education Appeals (BSEA) conducts administrative due process hearings on disputed LEA special education decisions pursuant to 20 U.S. C. 1451(f).

7. Defendant David P. Driscoll is the Commissioner of the Massachusetts Department of Education. Pursuant to G.L. c. 15, § 1F, the Commissioner is the chief executive officer of the Board of Education and the chief state school officer for elementary and secondary education.

## IV.   FACTUAL ALLEGATIONS

8. Arthur is an eight year old boy, who lives with his parents, two siblings, grandmother, and three cousins in Brockton, Massachusetts.

9. By his first birthday, Arthur was walking and had spoken his first word. Arthur did not say another word for over a year. His mother became concerned and his pediatrician referred him for an Early Intervention Evaluation.

10. The Early Intervention Evaluation was completed when Junior was two years and four months old. The testing revealed global delays. His fine and gross motor skills were at approximately a sixteen to nineteen month old level. His self care skills were at a nine month level, his social-emotional/interaction skills were at a nine to eleven month level. His cognitive skills were at a twelve to fifteen month level. His receptive language skills were at a nine to twelve month level and his expressive language skills were at a nine month level.

11. He began receiving early intervention services, which included speech and language therapy. He continued to receive those serviced until at the age of three he entered the Brockton Public Schools.

12. Shortly before his third birthday, in January of 1999, Arthur was evaluated by N. Paul Rosman, M.D. pediatric neurologist at Floating Hospital for Children. Dr. Rosman diagnosed Arthur with Pervasive Developmental Disorder, possibly autistic type.

13. When Arthur was three, he was placed on an Individualized Education Program (IEP) and began attending the Howard Preschool Program in Brockton, Massachusetts.

14. Arthur then attended two years of Kindergarten at the Angelo School in Brockton, Massachusetts.

4

15. On October 14, 2003, Charles E. Gunnoe, Ed.D. of Franciscan Children's Hospital completed a neuropsychological evaluation of Arthur, and determined student manifested symptoms consistent with a diagnosis of Autistic Disorder and his intellectual functioning is in the moderately retarded range.

16. Arthur was also seen by Dr. N. Paul Rosman, Chief, Divison of Pediatric Neurology of the Floating Hospital in Boston, who found that Arthur had made very limited progress in his present academic setting.

17. From September, 2003 through January, 2004, Arthur attended the first grade at the Downey School in Brockton.

18. The Downey School in Brockton did not meet Arthur's needs socially or academically.

19. The IEP's written for Arthur at the Downey school were not reasonably calculated to provide meaningful educational benefit as guaranteed by state and federal law.

20. In addition, the Downey School, during the period attended by Arthur, was classified as being a "School in Need of Improvement" according to the No Child Left Behind Act of 2001, due to a "very low" performance rating; Brockton Public Schools was therefore required to permit parents to transfer their children to other schools that had not been identified for improvement.

21. The notification to parents, and the information given to Mrs. N. by school officials denied Arthur this transfer right because of his IEP.

22. Arthur's parents rejected the IEP proposed by the school for the period from March 5, 2003 to March 5, 2004.

23. This IEP was amended by a mediation agreement and accepted by Arthur's parents on May 30, 2003.

24. In January, 2004, Mrs. N. removed Arthur from the Downey school because she observed a teacher handling him physically in a manner that she believed was harmful and because school officials refused to take her complaints seriously.

25. Defendant Brockton filed its request for a hearing on January 27, 2004 alleging that Arthur was being denied FAPE as he had not been attending school since January 6, 2004.

26. On June 21, 2004, Hearing Officer Catherine M. Putney-Yaceshyn issued her decision that the IEP proposed by the Brockton Public Schools for the 2003-2004 school year was reasonably calculated to provide Arthur with a free and appropriate public education in the least restrictive environment and that the Arthur was not entitled to compensatory educational services.

V. FIRST CAUSE OF ACTION

27. Plaintiffs reallege paragraphs 1 through 28 above and incorporate the same as if fully set forth herein.

28. Under the IDEA, Defendants Brockton Public Schools failed to provide Arthur a "free appropriate public education (FAPE) that meets state educational standards in the least restrictive environment. 20 U.S.C. § 1412(5)(A).

29. Defendants David Driscoll and the Massachusetts Department of Education failed to ensure the local educational agency complied with federal and state special education laws.

30. Brockton Public Schools failed to offer student meaningful access to an education that provided "significant learning" and conferred "meaningful benefit", and failed to provide access to state-mandated Curriculum Frameworks.

31. Hearing Officer Putney-Yaceshyn's decision was contrary to law, was not supported by substantial evidence and was beyond her statutory authority

## VI.  SECOND CAUSE OF ACTION

32. Plaintiffs reallege paragraphs 1 through 28 above and incorporate the same as if fully set forth herein.

33. Brockton Public Schools receive federal financial assistance. Plaintiff is an otherwise qualified handicapped individual as that term is defined by 29 U.S.C. §705(20) and 45 C.F.R. §84.3(k)(2).

34. Section 504 of the Rehabilitation Act prohibits disability-based discrimination in education. 29 U.S.C. §794 and 45 C.F.R. §84.1 et seq.

35. Arthur, solely due to his disability, was denied the benefits and protections of the transfer options for children attending failing schools under the No Child Left Behind Act of 2001(NCLB), Public Law 110.

36. Defendants David Driscoll and the Massachusetts Department of Education failed to ensure the local educational agency complied with federal laws. The Department of Education' BSEA also failed to protect Arthur's rights as a student with a disability.

## PRAYER FOR RELIEF

WHEREFORE, Arthur N., respectfully requests this Honorable Court:

a) Assume jurisdiction over this matter;

b) Reverse the findings of the Hearing Officer and render judgment for the plaintiffs;

c) Declare that the actions of the Brockton Public Schools violated Arthur's procedural rights under the IDEA;

d) Declare that the actions of the Brockton Public Schools violated Arthur's substantive rights under the IDEA;

e)  Declare that the actions of the Brockton Public Schools violated Arthur's rights under § 504 of the Rehabilitation Act;

f)  Declare that the actions of the Brockton Public Schools violated Arthur's right under Massachusetts law to instruction in the Massachusetts Curriculum Frameworks;

g)  Award damages in an amount sufficient to make Arthur and Mrs. N. whole;

h)  Award compensatory educational services;

i)  Award plaintiffs their costs and reasonable attorneys' fees; and

j)  Grant such other and further relief as it deems just and equitable.


Respectfully submitted,
Arthur N. and Mrs. N.,
By their attorneys,


_____
D. Luray Wallace
B.B.O. No. # 542511


_____
Susan G. Salzberg
B.B.O. No. # 556437


WALLACE LAW OFFICE, PC
One Post Office Square
Sharon, MA 02067
781/793-0575

%JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Arthur N. By and through his mother and next friend
A.N.                              Plymouth

**DEFENDANTS** Brockton Public Schools
The Massachusetts Department of Educ.
David P. Driscoll        Plymouth

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**04-11644 RCL**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wallace Law Office, P. C.
One Post Office Square
Sharon, MA 02067              781-793-0575

Attorneys (If Known)
Murphy Lamere & Murphy, P. C.
Ten Forbes Road West, P. O. Box 859003
Braintree, MA 02185           781-848-1850

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | [X] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

I.D.E.A., 20 U.S.C. § 1400, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Appeal from administrative hearing pursuant to I.D.E.A. and action pursuant to section 504 of the Rehabilitation Act.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY  (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____        SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C   LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Arthur N. v. Brockton Public Schools</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

   **04-11644 RCL**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐   NO ☒

7. DO **ALL** OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☒   NO ☐

   A. IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   <u>D. Luray Wallace   Wallace Law Office, P.C.</u>
ADDRESS   <u>One Post Office Square Sharon, MA 02067</u>
TELEPHONE NO.   <u>781 793-0575</u>

(AppendixC.wpd - 11/27/00)